IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| DALE LAVER, | )<br>) |
| Plaintiff, | ) No. 10cv99 EJM<br>) |
| vs. | ) ORDER<br>) |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY, | )<br>)<br>)<br>) |
| Defendant. | ) |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability and supplemental security income benefits. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of September 15, 2004, plaintiff alleges disability due to multiple impairments. He asserts the Administrative Law Judge (ALJ) failed to give proper weight to the opinion of treating psychiatrist Dr. Richards, failed to properly evaluate the opinion of state agency psychological consultant Dr. Kazmierski, and failed to include all credible impairments in a hypothetical question posed to a vocational expert. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than

merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe combination of impairments include bipolar disorder, anxiety disorder, panic disorder with agoraphobia, and polysubstance abuse, but found plaintiff able to engage in substantial gainful activity.

Upon review of the record as a whole, the court concludes that the ALJ erred in finding Dr. Richards' opinion inconsistent with plaintiff's treatment history, functioning, living arrangements, and endorsement of leisure activities or hobbies. Similarly, it is the court's view that the ALJ erred in discounting the treating physician's opinion based, in part, upon the absence of any more recent opinion of plaintiff's functioning despite an additional 1 ½ years of treatment following the earlier opinion. Moreover, while the ALJ afforded significant weight to the opinion of Dr. Kazmierski, the limitations adopted by the ALJ differ substantially therefrom, including limitations associated with attention, concentration, and pace, without explanation.

Upon the foregoing, the court finds the Commissioner's decision is not supported by substantial evidence on the record as a whole. Accordingly, this matter shall be reversed and remanded for further proceedings in accordance

herewith, including reconsideration of the views of the treating physician, and the agency consulting physician.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

October 20, 2011.

*Edward J. McManus*
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT